IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 1:26-cv-00017 |
| | ) | |
| v. | ) | |
| | ) | |
| A VEHICLE GENERALLY | ) | VERIFIED COMPLAINT FOR |
| DESCRIBED AS A 2019 LINCOLN | ) | FORFEITURE IN REM |
| NAVIGATOR L SUV, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, the United States of America, hereby files and serves this VERIFIED COMPLAINT IN REM and alleges as follows:

## I.  NATURE OF THE ACTION

1.  This is an action to forfeit and condemn specific property (hereinafter the "Defendant Property") to the use and benefit of the United States of America (hereinafter "Plaintiff") for its involvement, as set forth below, in violations of 21 U.S.C. §§ 841(a)(1).

2.  The Defendant Property is forfeitable pursuant to 21 U.S.C.§ 881(a)(4) as a vehicle used to transport and facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance, as set forth below.

## II.   DEFENDANT IN REM

3.  The Defendant Property is described more specifically as follows:

**a white 2019 Lincoln Navigator L Sport Utility Vehicle ("SUV") (VIN: 5LMJJ3TT8KEL21694), bearing Texas license plate PGS8414.**

4.     The Defendant Property is in custody of the Iowa Department of Public Safety. The details of the seizure are discussed below.

### III.     JURISDICTION AND VENUE

5.     The Court has jurisdiction over this civil action commenced by Plaintiff under 28 U.S.C. § 1345 and over this action for forfeiture under 28 U.S.C. § 1355(a).

6.     The Court has in rem jurisdiction and venue over the Defendant Property under 28 U.S.C. §§ 1355(b)(1)(A)–(B) and 1395(b)–(c) because acts or omissions giving rise to the forfeiture occurred in this district and because the Defendant Property was found in and was brought into this district.

### IV.     APPLICABLE STATUTES

7.     The Controlled Substances Act was enacted by Congress as Title II of the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub. L. No. 91-513, 84 Stat. 1236 (1970) (codified at 21 U.S.C. §§ 801–904).

8.     The term "controlled substance" is defined in 21 U.S.C. § 802(6) to mean a drug or other substance, or immediate precursor, included in any of the five schedules of such substances set forth in subchapter I of Title 21.

9.     Schedule II substances have a high potential for abuse and have a currently accepted medical use in treatment in the United States or a currently accepted medical use with severe restrictions, but use may lead to severe psychological or physical dependence. 21 U.S.C. § 812(b)(2)(A)–(C).

10.     Cocaine is a Schedule II controlled substance. 21 C.F.R. § 1308.12(b)(4) (2026).

11.     Under the Controlled Substances Act, it is unlawful to distribute, dispense, or possess with intent to distribute a controlled substance unless authorized by law to do so. 21 U.S.C. § 841(a)(1).

### V.     FACTS

### A.     The Offense Conduct

12.     On June 26, 2024, Darris Laroice Johnson (hereinafter "JOHNSON") was indicted in the U.S. District Court for the Southern District of Iowa on one count of possession with intent to distribute a controlled substance, namely: five kilograms or more of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C § 841(a)(1) and 841(b)(1)(A). *United States v. Darris Laroice Johnson*, No. 1:24-cr-00047 (S.D. Iowa 2024).

13.     On October 9, 2025, JOHNSON entered into a plea agreement and, as a factual basis for his guilty plea, he admitted the following facts:

(a)     On May 7, 2024, [JOHNSON] knowingly possessed approximately 6 kilograms (15.6 pounds) of cocaine with the intent to distribute some or all of that cocaine to another person.

(b)     [JOHNSON] was identified as the driver and sole occupant of his vehicle. [JOHNSON] admitted he knowingly possessed marijuana in his vehicle.

(c)     [JOHNSON]'s vehicle was searched and approximately 6 kilograms of cocaine, packaged in 1-kilogram bundles, were located in a hidden trap under the rear seat of [JOHNSON]'s vehicle.

(d)     [JOHNSON] possessed a single socket and packaging in his backpack. That socket fit the bolts for the third-row seat which had to be removed to access the hidden trap containing [JOHNSON]'s cocaine.

(e)     Some or all of the above occurred in the Southern District of Iowa.

*United States v. Johnson*, No. 1:24-cr-00047 (S.D. Iowa 2024), ECF No. 64, ¶ 8.

14.   More specifically:

(a)   On Tuesday, May 7, 2024, at approximately 9:49 am, an Iowa State Patrol Trooper on routine patrol near the 63mm of Interstate 80 observed an eastbound white 2019 Lincoln Navigator bearing Texas registration plate "PGS8414" speeding and with dark windows, in violation of Iowa code.

(b)   The Trooper conducted a traffic stop on the Lincoln Navigator, which was driven by JOHNSON, for the speed and window tint violations.

(c)   The Trooper and JOHNSON engaged in conversation, and the Trooper asked for consent to search the Lincoln Navigator. JOHNSON eventually agreed and reported there was a little bit of marijuana inside of it.

(d)   During the search, the Trooper found a bookbag with a small amount of marijuana, JOHNSON's passport, and a socket inside of it. The Trooper located the plastic packaging for the socket in the center console of the Lincoln Navigator. After investigating and discovering the socket located in the bookbag was the correct size for the bolts that held down the third row of seats, he located an aftermarket compartment that was underneath the seats.

(e)   The Lincoln Navigator was taken to the Iowa State Patrol District #3 office in Council Bluffs, where law enforcement located six kilogram-sized packages of cocaine.

15.   The Defendant Property was JOHNSON's vehicle, referenced above.

16.    A photograph of the aftermarket compartment with the hatch closed is reproduced below.



17.    A photograph of the aftermarket compartment open, showing the packages of cocaine hidden inside it, is reproduced below.



18.     A photograph of one of the packages of cocaine seized from the aftermarket compartment is reproduced below.



19.     JOHNSON pled guilty in open court before a magistrate judge to possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) on January 6, 2023, for his possession of cocaine in the Defendant Property on May 7, 2024. The Court accepted the magistrate judge's report and recommendation as to JOHNSON's guilty plea on January 21, 2026.

20.     JOHNSON was sentenced on May 18, 2026, to 180 months in federal prison.

**B.     Ownership of the Defendant Property**

21.     The Defendant Property is registered in Texas to JOHNSON and an individual whom JOHNSON identified to law enforcement as his uncle who cosigned the loan.

22. There is one known lien on the Defendant Property held by Priority Trust Credit Union, located at 9998 Almeda Genoa Road, Houston, Texas 77075.[1]

23. Priority Trust Credit Union advised Plaintiff on May 18, 2026, that the debt owed on the Defendant Property is past due.

24. Under the terms of the Security Agreement JOHNSON and the co-borrower entered into on or about February 22, 2021, acts of default include not paying the debt owed on the promissory note secured by the Defendant Property when due.

25. Under the terms of the Security Agreement JOHNSON and the co-borrower entered into on or about February 22, 2021, it is an act of default to use the Defendant Property "for any unlawful purpose", such as transporting cocaine.

26. Under the terms of the Security Agreement JOHNSON and the co-borrower entered into on or about February 22, 2021, the lender can declare it an act of default if something happens that it believes may seriously affect the borrowers' ability to repay what is owed, such as one of the borrowers being sent to federal prison.

27. JOHNSON and his co-borrower agreed the lender could enforce its rights under the Security Agreement against them individually or together.

28. In the event of default, JOHNSON and his co-borrower agreed the lender has the right to take possession of the Defendant Property "without judicial process if this can be done without breach of the peace."

---

[1] Formerly known as Plus 4 Credit Union.

## VI.    COUNT ONE
## FORFEITURE UNDER 21 U.S.C. § 881(a)(4)

29.    Plaintiff repeats and realleges each and every allegation set forth above.

30.    The Defendant Property is forfeitable pursuant to 21 U.S.C.§ 881(a)(4) as a conveyance, including aircraft, vehicles, or vessels, which was used, or was intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances, including six kilograms (15.6 pounds) of cocaine, a Schedule II controlled substance.

31.    As a result of the foregoing, the Defendant Property is liable to condemnation and forfeiture to Plaintiff pursuant to 21 U.S.C. § 881(a)(4).

## VII.    CONCLUSION

WHEREFORE, Plaintiff requests the foregoing property be civilly forfeited and such other relief to which it is entitled under applicable law.

Respectfully Submitted,

David C. Waterman
United States Attorney

By: */s/ Craig Peyton Gaumer*
Craig Peyton Gaumer
Assistant United States Attorney
U.S. Attorney's Office
210 Walnut Street, Suite 455
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: craig.gaumer@usdoj.gov

8

## **VERIFICATION**

I, Austen Farver, hereby verify and declare under penalty of perjury that I am a Special Agent for the Iowa Department of Public Safety in the Division of Narcotics Enforcement, that I have read the foregoing Verified Complaint, and that I know the contents and the matters contained in the Verified Complaint are true to my own knowledge, except for those matters not within my own personal knowledge, and as to those matters, I believe them to be true. The sources of my knowledge and information and the grounds for my belief are the official files and records of the Iowa Department of Public Safety and information provided to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent.

Date: 5/21/26

Farver Austen
Digitally signed by Farver Austen
Date: 2026.05.21 09:25:55 -05'00'

Austen Farver, Special Agent
Division of Narcotics Enforcement
Iowa Department of Public Safety

9